Good morning, ladies and gentlemen. Our first case for argument, Berry v. Wells Fargo. Mr. Spielberger. Are you pleased to court? I'm Attorney William Spielberger. I'm appearing on behalf of the appellate defendant, Derick Berry. Mr. Berry very much wanted to be in the courtroom today because of what has happened to him by the wrongful actions of the banks in this matter, HSBC Bank and Wells Fargo. I strongly encourage Mr. Berry not to be here today because of his mental illness, a mental illness we say that was caused and aggravated by the wrongful actions of the banks in question. If he were here today, you would see that he's an African American man, extremely nervous because of what he has lost. He has lost his home, he's lost his job, he's lost whatever money he's had, and he's lost his health as a result of these wrongful actions. I tried to defend him for many, many years in the foreclosure case in Cook County, trying to tell the court about how at all times Mr. Berry was either current on the money that the banks say that he owed, or was it very direct attempts to rectify whatever arrearages he might be under. We also, very importantly, before there was a final judgment in the foreclosure action, attempted to file his first affirmative defense in the case, and that was under the Fair Housing Act. I applied, I submitted a motion to submit an affirmative defense under the Fair Housing Act and submitted to the court a brief and the proposed complaint that it's several hundred pages long, saying how African Americans were systematically discriminated against in violation of the Fair Housing Act. The court then refused to even allow us to submit that affirmative defense. Before that had happened, I had filed an action here in district court under the Fair Housing Act. There was an answer submitted by Wells Fargo, but not by the other defendant, HSBC Bank. After there were motions, there was basically the district court then dismissed Berry's FHA claim, claiming that the issue was precluded after the foreclosure case. The foreclosure court had dismissed this case. That is the principal issue now before the court, is whether the district court properly dismissed Berry's FHA claim on issue preclusion grounds, even though Berry was precluded from submitting the affirmative defense in the foreclosure case. What were the grounds for the state court's decision? For the dismissing? No, the state court's decision. On the foreclosure case? Why were, you say that you attempted to file these claims in this lawsuit as counterclaims in the foreclosure? No, actually it's an affirmative defense, Judge. Affirmative defense. There was never a counterclaim, and I attempted to submit the affirmative defense in the foreclosure, and it was summarily dismissed. That is, they did not allow me to submit the affirmative defense, so it was never heard. Because? They didn't give a reason, Judge. Was it too late in the day? Is it implicitly a timeliness issue? Judge, there was about a 12-word order, scribbled order, that said that Berry's motion to submit an affirmative defense is denied. That was it. At what point in the foreclosure litigation did you raise these discrimination issues? I understood that you were defending against the foreclosure action on all of the grounds alleged here, including discrimination, whether or not you formalized them as a Fair Housing Act claim. You raised the issue of discrimination, among other things, all along. Is that not the case? No, Judge. So you didn't raise the issue of discrimination until you attempted to file this affirmative defense? That's right, Judge. But the main issue in the foreclosure was whether or not Berry was a current in certain monthly payments. Well, right. That's always the main issue in a foreclosure action. But my understanding of the procedural record is that you defended against foreclosure by accusing the banks of discriminating against your client, among other things. Is that not the case? That's not the case, Judge. Basically, there wasn't a defense. I mean, again, there was no counterclaim and there was no affirmative defenses. We basically said that, number one, that Berry was current on his payments. And secondly, one of the issues was whether or not he was ever given a modification. He was given a modification three times, three times. And he was making attempts on good faith payments on his modification when the payments were denied. Okay. And at what point in the foreclosure litigation did you attempt to raise discrimination as a defense? Not until our request to file an affirmative defense based upon the Fair Housing Act. I get that. And at what point in the foreclosure action did that issue, did you raise that issue? It was during the redemption period, after there had been the preliminary. Late. Late in the process. So we can infer that the court rejected whatever pleading you sought to submit to the court, raising this affirmative defense on timeliness grounds. During the redemption period, it's too late to state foreclosure process. That is an inference. Right. It's a fair inference. I think, personally what I think, if you're asking me what I inferred from this, is that it's very rare to get any type of substantive hearing in a foreclosure process at Cook County. It just is. That typically, you've heard this. I don't have any trouble believing that, but. Typically, there's no hearing. There's no, the chief judge. What document do you file in response to a foreclosure complaint? I'm sorry? What kind of document pleading do you file in response to a foreclosure complaint under Illinois law or Cook County process? A foreclosure complaint is complicated. It's hard to read, but it's fairly simple. Basically, it says that the homeowner applied for and was given a loan, a mortgage loan, on a certain date. Right. I'm really familiar with that. Oh, I know. I used to do this work on the state bench, but just tell me what document you filed in response to the foreclosure complaint. I filed an answer. Okay. And did it contain an affirmative defense based on discrimination? Not initially. Okay. And so we can infer that you raised it too late. You raised this issue too late, in other words, during the redemption period, and that's why the state court denied your effort to essentially amend your answer to raise a defense based on the Fair Housing Act. And so we do have a preclusion issue framed up here. You had an opportunity to defend based on the Fair Housing Act and file a counterclaim based on the Fair Housing Act with your answer, or at some point before entry of foreclosure judgment in the commencement of the redemption period, and you didn't do that. I did in federal court. I did here, Your Honor, before there was a final judgment. Right. But if you have an opportunity in state court, you can't get a second opportunity in federal court. That's what preclusion is all about. Well, my understanding is preclusion, they at least look at the substance of the motion. Again, I was precluded from filing the affirmative defense. You weren't precluded from filing that with your answer. You could have done it at the beginning of the litigation. You could have filed a counterclaim based on the Fair Housing Act. You could have filed an affirmative defense included with your answer, an affirmative defense. But you waited until the redemption period to raise this issue. And the Cook County Circuit Court said too late. You don't get a second chance in federal court if you've blown your procedural opportunity in state court. You're precluded. That's basic preclusion doctrine. Judge, with respect, if you're right, and you very well might be right, but if you are, it means that it would be almost impossible for any homeowner under any circumstances to file an action under the Fair Housing Act. What they would have to do, many of my clients are elderly, infirm, and so on. They would have to know that within 30 days of their receiving a foreclosure complaint, if they felt that they were being discriminated against, they would have to somehow file within that 30-day period an affirmative defense or at least a counter complaint under the Fair Housing Act with supporting documents, documentation, and so on to show how that elderly minority woman was discriminated against under the Fair Housing Act. That would never, ever, ever happen. If that is the requirement for filing a Fair Housing Act in state court, it means that no one under almost any circumstances could ever file under the Fair Housing Act, which would make the Fair Housing Act a nullity. Okay. Thank you, Mr. Spielberg. Mr. Offerman? Good morning, Your Honors, and may it please the court. My name is Tyler Offerman, and I represent the defendants' appellees, Wells Fargo Bank and HSBC Bank USA as trustee. I just wanted to start by clarifying a few misstatements or misconceptions regarding the filing of the or the attempt to file the FHA affirmative defenses in the foreclosure action. Mr. Spielberger requested leave to file the affirmative defenses in August of 2014. That was about eight years after the foreclosure action had been filed, so we're not dealing with an issue of someone failing to file within 30 days. From experience, I know that the circuit court in Cook County will often allow defendants time to amend an affirmative defense or be allowed to file their answer late. And, in fact, in this case, the defendant did not file his answer until 2013. So he had seven years to figure this out and to file his affirmative defense before he was granted leave to file his answer. When you say had seven years, you mean at any time within the seven years he could have filed something? Well, seven years after the foreclosure began, he was granted leave to file his answer because he originally defaulted. So at that time in 2013, he could have raised the Fair Housing Act claims that he purportedly had. Instead, he waited until August of 2014 after the parties had a fully brief motion for summary judgment already pending. So it's very clear in this case that he had the opportunity to assert these defenses, and he just blew that opportunity. And it's also clear that under Illinois claim preclusion law, the fact that a party was not granted leave to bring a particular claim or defense does not change the fact that they had the actual opportunity. And we cited the Peregrine Financial v. Ambul case in our brief for that proposition. And the Cook County Circuit Court does not make it impossible to litigate these issues in the context of a foreclosure? No, it does not, Your Honor. FHA claims have concurrent jurisdiction in state court, so they could be filed as counterclaims. They could be brought as affirmative defenses. It just needs to be done timely or with leave of court. In this case, it was not done timely, and leave of court was not granted. That does not mean they did not have the opportunity. They obviously did. They just did not timely follow the rules or file the affirmative defense when they were first granted leave to file the answer in 2013. So in addition to the Fair Housing Act claim, there were several additional claims that were brought in this case. However, all of these relate to the same issues that were brought and addressed in the foreclosure action, such as the payment history of the loan, the alleged existence of a loan modification agreement and purported errors in the servicing of the loan, challenges to the affidavit submitted by the trustee, the adequacy of the notice of judicial sale. All of these issues that were raised in the second amended complaint were previously addressed by the state court in the foreclosure action. So these are clearly precluded under Illinois claim preclusion law, which applies here. And I do just want to state for clarification, I know that in some of the briefing, plaintiff has addressed this as a matter of issue preclusion, which is a slightly different doctrine and has somewhat more stringent requirements in that you have to actually fully litigate the issue in the prior litigation, whereas claim preclusion is a broader doctrine, and it applies to all claims or defenses that could have been brought in the prior action based on the same set of underlying operative facts. And in this case, it's very clear that the same set of operative facts are at issue in the foreclosure action, which was litigated to a final judgment on the merits by a court of competent jurisdiction between the same parties here. So all of the elements of claim preclusion have been met in this case. There's also an equitable factor in Illinois claim preclusion law. There is to the extent that if there is no opportunity to actually raise the claim or defense in the prior action, then res judicata would not apply. For example, if there were a claim that could only be brought in federal court because federal courts have exclusive jurisdiction, that's the sort of claim that might be allowed to proceed. But that is not the case here, where, again, all of the issues that are raised in the Second Amendment complaint come directly from what was addressed in the foreclosure action by the state court previously. And for all of these reasons, we request that the order of the court below be affirmed. Thank you, Your Honors. Okay, thank you, Mr. Hoffman. Okay, well, that will conclude the case. We'll move on to our next case, Van Proyen v. Berryhill. Mr. Horne.